1  RACHEL E. KAUFMAN (Cal. Bar No. 259353)
2  KAUFMAN P.A.
3  237 South Dixie Highway, 4th Floor
   Coral Gables, FL 33133
4  Telephone: (305) 469-5881
5  rachel@kaufmanpa.com
6  *Attorney for Plaintiff and Putative Class*

7
8                  **UNITED STATES DISTRICT COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**
9

10 | LEON WEINGRAD, individually and on behalf of all others similarly situated, | |
11 | | Case No. 2:24-cv-05981-MEMF-MAR |
12 | Plaintiff, | |
   | | **AMENDED COMPLAINT –** |
13 | v. | **CLASS ACTION**[1] |
14 | | |
15 | FUNDCUBE INC. D/B/A FUNDQUBE and CARLOS HERRERA | |
16 | | |
17 | Defendants. | |

18
19  Plaintiff LEON WEINGRAD (hereinafter referred to as "Plaintiff"), individually
20  and on behalf of all others similarly situated, allege on personal knowledge,
21  investigation of his counsel, and on information and belief, as follows:
22
23
24
25
   _____
26  [1] This amended complaint is being filed with written consent pursuant to Rule
    15(a)(2).
27

1

Class Action Complaint

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. §

2

Class Action Complaint

310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

  3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

  4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

Class Action Complaint

5. A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Leon Weingrad is an individual.

7. Defendant FundCube Inc. d/b/a FundQube is a California corporation illegally using the name of the former Defendant in this Action, DH & RK Investments LLC, a Florida Corporation, that makes telemarketing calls from this District to pitch business loan services under various trade names, including "FundQube".

8. Defendant Carlos Herrera is a California resident and is the owner and operator of FundQube.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

10. This Court has personal jurisdiction over FundQube and Herrera because they reside in California and directed their tortious conduct from here.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent from this District.

# TCPA BACKGROUND

The Enactment of the TCPA and its Regulations

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.     Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

17. Defendant FundQube is a "person" as the term is defined by 47 U.S.C. § 153(39). Defendant Herrera and Plaintiff Weingrad are also "persons" as the term is defined by 47 U.S.C. § 153(39).

18. At no point has the Plaintiff consented to receive telemarketing calls from the Defendants regarding the sale of goods or services, including business loans, prior to receiving the calls at issue.

### Calls to Plaintiff

19. Mr. Weingrad's residential telephone number is (267) XXX-XXXX and has been on the National Do Not Call Registry since he registered it there more than a year prior to the calls at issue.

20. It is used by Mr. Weingrad for his personal, family, and residential use only, such as for communicating with friends, family, relatives, acquaintances, and conducting personal residential chores and tasks.

21. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

22. The telephone number is a residential number because it is assigned to a telephone exchange service for consumers, not a telephone exchange service for businesses.

23. Despite that, Mr. Weingrad received at least 4 automated calls from various caller IDs pitching the Defendants' business loan services.

24. One such call came on May 17, 2024 at 1:57 pm from the caller ID 254-326-1658 to sell the Plaintiff the Defendants' business loans.

25. The calls continued, despite the Plaintiff not wanting them. The Plaintiff received a call on May 17, 2024 at 2:08 pm from the caller ID 619-289-9057 for the same purposes.

26. The Plaintiff received another call from the same caller ID 619-289-9057 on May 20, 2024 at 08:25 am from 619-289-9057. During this call, the Plaintiff stated to the agent that he was busy and that the agent should send him an email with his information so that he could review it if he was interested.

27. The Plaintiff did so and provided his email address so that he could ascertain the identity of the caller calling him illegally and for no other reason.

28. As a result of this illegal call, the Plaintiff received an email at 09:00 am to his email with a DocuSign link to a loan application for the Defendants' business loans, which indicates it, like the calls was simply automated, as the Defendants evidently had no clue who it was talking or had consent to contact them, as evidenced by simply using the generic placeholder "(name)":



29. The calls continued, despite the DocuSign being cancelled and the Plaintiff indicating he did not want to continue to receive calls.

30. For example, the Plaintiff received yet another call from the 619-289-9057 number on May 21, 2024 at 09:11 am. This call was also to sell the Plaintiff business loans.

Class Action Complaint

31. Defendant FundCube Inc. does business under the name "FundQube", as evidenced from the FundQube website's privacy policy, which states that it is a "DBA of DH & RK Investments LLC," who was a previous Defendant in this lawsuit. The Corporate Representative for DH & RK confirmed, in the sworn affidavit attached herein as Exhibit A, that their website content was illegally stolen by Defendants:

**Privacy Policy**

Fundqube is a DBA of DH & RK Investments LLC (hereinafter referred to as "Fundqube" and including understands the privacy and confidentiality of its customers who have shared their personal information with us. It's our top priority to keep the information secure and avoid misuse of customer's personal details.

32. Defendant Carlos Herrera may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

33. Mr. Herrera personally directed the TCPA-violative conduct at issue because he personally illegally impersonated a Florida corporation and in fact

9
Class Action Complaint

had personally previously reached out to the previously-sued Florida corporation in an attempt to solicit business for that corporation, masterminded a scheme to hide his involvement in illegal telemarketing calls by impersonating other Florida-based companies, personally attempted to sell the services being advertised, and personally paid for and programmed the requisite systems required to make the calls.

34. Mr. Herrera was also the individual responsible for drafting, setting, implementing, and controlling FundQube's marketing strategy, including the illegal misrepresentation for who FundQube was and the scripting for such calls, as well as paying for them.

35. The foregoing facts demonstrate that Mr. Herrera had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

36. Plaintiff never consented to receive calls from Defendants.

37. Plaintiff never did business with the Defendants.

38. Plaintiff's privacy has been violated by the above-described telemarketing calls.

39. Plaintiff never provided his consent or requested these calls.

40. The aforementioned calls to the Plaintiff were unwanted.

Class Action Complaint

41. The calls were nonconsensual encounters.

42. In fact, the Plaintiff requested multiple times throughout various of the calls that the calls stop, but they did not stop.

43. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

45. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of FundQube, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

46. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the class as he has no interests that conflict with any of the class members.

47. Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49. This Class Action Complaint seeks injunctive relief and money damages.

50. The Class as defined above is identifiable through the Defendants' dialer records, other phone records, and phone number databases.

51. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that automated technologies were used to send the calls.

52. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

Class Action Complaint

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendants used automatic equipment as defined by Florida law to send telemarketing calls;

    (b) whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendants' conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

55. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

56. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

57. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

58. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(c) on behalf of the Do Not Call Registry Class**

59. Plaintiff incorporates the allegations in paragraphs 1-59 as if fully set forth herein.

60. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class to numbers on the National Do Not Call Registry.

61. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their numbers on the

National Do Not Call Registry in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

62. If the Defendants' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any numbers on the National Do Not Call Registry in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Injunctive relief prohibiting Defendants from calling telephone numbers advertising goods or services, except for emergency purposes to numbers on the National Do Not Call Regsitry in the future;

That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing such Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 1, 2024        PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Attorney for Plaintiff and the Proposed Class*

Class Action Complaint